IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONIO SANTIAGO | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-7269 |
| BROOKS RANGE CONTRACT | : | |
| SERVICES, INC. | : | |

**SURRICK, J.**                                                      **MARCH  26 , 2012**

**<u>MEMORANDUM</u>**

Presently before the Court is Defendant Brooks Range Contract Services, Inc.'s Motion to Dismiss the Complaint.  (ECF No. 7.)  For the following reasons, Defendant's Motion will be granted in part and denied in part.

**I.    BACKGROUND**[1]

Defendant Brooks Range Contract Services, Inc. is a federal government contractor engaged exclusively in the business of providing services to federal government agencies. (Compl. ¶ 3, ECF No. 1.)  Plaintiff Antonio Santiago is a Hispanic male.  (*Id.* at ¶ 16.)  For twenty-three years, Plaintiff worked as a building engineer for U.S. Facilities, Inc. ("U.S. Facilities").  (*Id.* at ¶ 18.)  On February 1, 2010, Defendant took over the U.S. Facilities contract. (*Id.* at ¶ 19.)

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations, and reasonable inferences to be drawn therefrom, are viewed in the light most favorable to Plaintiff, the nonmoving party.  *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009*); Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("When assessing whether the complaint satisfies [the 12(b)(6) standard, courts must treat a complaint's allegations as true.").

On January 22, 2010, Plaintiff was informed by his supervisor, Brian Gougler, that he, as well as other employees, had to put their identification badges in an envelope and turn them in to security.  (*Id.* at ¶ 20.)  Plaintiff was advised that he and the other employees would be notified whether they would be permitted to work for Defendant.  (*Id.* at ¶ 21.)  Plaintiff later learned that he would not be hired by Defendant.  (*Id.* at ¶ 22.)  While he had a "stellar record," Plaintiff was told that he would not be rehired because of "performance problems."  (*Id.* at ¶ 23.)  Plaintiff was seventy-three years old when he was told that he would not be hired by Defendant.  (*Id.* at ¶ 17.)

On March 25, 2010, Plaintiff filed a written charge of discrimination (No. 530-2010-01652) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC"), alleging age and race discrimination.  (*Id.* at ¶ 13a.)  On August 22, 2011, the EEOC issued a Notice of Right to Sue.  (*Id.* at ¶ 13b.)  On August 24, 2011, Plaintiff received this Notice.  (*Id.* at ¶ 13c.)  On November 21, 2011, Plaintiff filed a Complaint, in which he alleges age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Count One), race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count Two), and age and race discrimination in violation of the Pennsylvania Human Relations Act ("PHRA") (Count Three).  (Compl.)  On January 18, 2012, Defendant filed the instant Motion to Dismiss the Complaint.  (Def.'s Mot., ECF No. 7.)  On February 9, 2012, Plaintiff filed an unopposed motion for an extension of time to respond to Defendant's Motion.  (ECF No. 10.)  On February 10, 2012, the Court granted the motion.  (ECF No. 11.)  On February 24, 2012, Plaintiff filed a Response opposing Defendant's Motion.  (Pl.'s Resp., ECF No. 12.)

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Nevertheless, over the past several years, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler*, 578 F.3d at 210.  After the Supreme Court's opinion in *Ashcroft v. Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss:  'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 129 S. Ct. at 1949).

## III.     DISCUSSION

Defendant asserts that Plaintiff "has not pled any facts, let alone sufficient facts, to support any of his claims," and therefore, all three Counts should be dismissed.  (Def.'s Mem. 1,

ECF No. 7-2.)  In addition, Defendant argues that Plaintiff should not be granted leave to amend

the Complaint because any amendment would be futile.  (*Id.* at 8-9.)  Plaintiff, on the other hand,

contends that he is not required to plead all facts that may support his claims, that he has

sufficiently pleaded all three Counts, and that in the event the Court grants Defendant's Motion

to Dismiss, he should be permitted to amend the Complaint.  (Pl.'s Resp. 4, 6-9.)

> A.    **Age Discrimination Under the ADEA and the PHRA**[2]

Under the ADEA, 29 U.S.C. §§ 621 *et seq.*, it is unlawful for an employer to

"discriminate against any individual . . . because of such individual's age."  29 U.S.C. §

623(a)(1).[3]  In the Third Circuit, to sufficiently allege disparate treatment on the basis of age, a

plaintiff must allege that (1) his age played a role in the employer's decision, and (2) his age had

a "determinative influence" on the result of that decision.  *Monaco v. Am. Gen. Assurance Co.*,

359 F.3d 296, 300 (3d Cir. 2004).  In addition, the plaintiff must show that "ultimately [he was]

replaced by a person sufficiently younger to permit an inference of age discrimination."  *Id.*; *see*

*also Garcia v. Newtown Twp.*, No. 09-3809, 2010 WL 785808, at *9 (E.D. Pa. Mar. 5, 2010)

---

[2] The parties agree that Plaintiff's PHRA claims are analyzed under the same framework as his ADEA and Title VII claims.  (Def.'s Mem. 8; Pl.'s Resp. 9.)  Therefore, we will analyze Plaintiff's causes of actions by type of claim:  age discrimination and race discrimination.  *See Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 n.2 (3d Cir. 2009) ("'The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania Courts have construed the protections of the two acts interchangeably.'") (citing *Weston v. Pennsylvania*, 251 F.3d 420, 426 n.3 (3d Cir. 2001)); *Koller v. Riley Riper Hollin & Colagreco*, No. 10-2933, 2012 WL 628009, at *8 (E.D. Pa. Feb. 28, 2012) (addressing Title VII and PHRA claims collectively on motion to dismiss); *Molisee v. Securitas Sec. Servs., USA, Inc.*, No. 11-1056, 2012 WL 13698, at *7 (W.D. Pa. Jan. 4, 2012) (addressing ADEA and PHRA claims collectively on motion to dismiss).

[3] An individual must be greater than forty years of age to be eligible for the ADEA's protections.  29 U.S.C. § 631(a).  Plaintiff is seventy-three years old and therefore meets this requirement.

(stating same standard on motion to dismiss).[4]

In the Complaint, there is no allegation or set of facts that might show that Plaintiff's age played a role in Defendant's decision not to hire Plaintiff, or that Plaintiff was replaced by someone younger than him.  Plaintiff alleges that Defendant's conduct, "in refusing to hire Plaintiff because of his age and otherwise subjecting him to adverse employment actions because of his age, constitutes unlawful age discrimination against Plaintiff."  (Compl. ¶ 26.)  This allegation, however, is a mere legal conclusion, and there are no facts in the Complaint to support it.  *See Pierce v. Lowe's Home Ctrs., Inc.*, No. 10-507, 2010 WL 3122838, at *2 (W.D. Pa. Aug. 9, 2010) (dismissing ADEA claim where "factual allegations provided are virtually non-existent and are completely insufficient to raise a right to relief above the speculative level for any cause of action"); *Pezzoli v. Allegheny Ludlum Corp.*, No. 10-0427, 2010 WL 2852988, at *2 (W.D. Pa. July 20, 2010) (dismissing ADEA claim because "[n]ot only does [plaintiff] fail to allege any non-speculative, non-conclusory facts that might support an inference of age discrimination as a 'but-for' cause, he also fails to assert that [his employer] ultimately filled the position with

---

[4] Defendant argues that Plaintiff has not established a *prima facie* case of age discrimination.  (*See* Def.'s Mem. 5 ("Santiago alleges he is over 40 but does not assert any of the remaining elements of the prima facie case.").)  Plaintiff asserts that "there is no need for plaintiff to establish a *prima facie* case of age discrimination, or to tailor his pleadings to the specific elements typically required of an employment discrimination plaintiff to survive a motion for summary judgment."  (Pl.'s Resp. 6.)  While we evaluate ADEA claims using the burden-shifting framework found in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), on motions for summary judgment, *see Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming use of *McDonnell Douglas* standard for ADEA claims on summary judgment), the *prima facie* case requirement under *McDonnell Douglas* is a standard for producing and evaluating evidence, not a pleading requirement, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).  The Supreme Court has explained that it "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."  *Id.* at 511.

someone sufficiently younger than him [to] permit an inference of age discrimination."); *cf.*

*Garcia*, 2010 WL 785808, at \*9 (finding that complaint could survive motion to dismiss because

of allegations that plaintiff was replaced by someone she believed to be more than ten years her

junior and that defendant's employees discriminated against her because of her age); *Adams v.*

*Perloff Bros., Inc.*, 784 F. Supp. 1195, 1197-98 (E.D. Pa. 1992) (finding that plaintiff sufficiently

alleged age discrimination where the complaint alleged that plaintiff was laid off then told that he

could not work as a full-time employee because he was too old and had too much seniority, and

where other individuals who were younger and had less seniority were subsequently hired).

Indeed, Plaintiff, in his Response, attempts to fill in the holes in the allegations of his Complaint

by asserting that "upon information and belief, individuals selected by Defendant for continued

employment were younger than Plaintiff, who was seventy-three years of age at the time his

employment was adversely impacted."  (Pl.'s Resp. 8.)  However, no such allegation, or set of

facts supporting such allegation, appears in the Complaint.  Merely pleading that Plaintiff was

seventy-three years old when not hired cannot survive a motion to dismiss.  *See Sangi v. Warren*

*Hosp.*, No. 10-4571, 2011 WL 4857933, at \*2 (D.N.J. Oct. 11, 2011) ("Plaintiff appears to

believe that pleading [that 'she was subject to certain adverse employment actions including,

ultimately, termination'] along with an allegation that Plaintiff is in a protected class is sufficient

to state her claim.  It is not.").  While a plaintiff at the motion-to-dismiss stage need not plead all

relevant facts that would support his claim, the Court need not accept inferences drawn by a

plaintiff if they are unsupported by the facts as set forth in the complaint.  *California Pub.*

*Employee Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower*

*Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal

conclusions that are set forth as factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Accordingly, Plaintiff has failed to state claims for age discrimination under the ADEA and the PHRA, and we must grant Defendant's Motion with respect to these claims.

### B.      Race Discrimination Under Title VII and the PHRA

Title VII states that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual or otherwise to discriminate against any individual . . . *because of* such individual's race, color, religion, sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a) (emphasis added).[5]

Plaintiff's race discrimination claims suffer similar infirmities as his age discrimination claims.  Plaintiff does not allege any factual circumstances that raise an inference of race discrimination.  Viewing the allegations in a light favorable to Plaintiff, we note that Plaintiff alleges that he is a "Hispanic male" (Compl. ¶ 16), was notified that he would not be hired by Defendant (*id.* at ¶ 22), and had a "stellar record" (*id.* at ¶ 23).  Based on these allegations, there can be no inference of race discrimination.  *See Pierce*, 2010 WL 3122838, at *2 (dismissing Title VII claim where "factual allegations provided are virtually non-existent and are completely insufficient to raise a right to relief above the speculative level for any cause of action"); *cf. Miller*, 2011 WL 6338699, at *1, 4 (denying motion to dismiss Title VII race discrimination

---

[5] For the reasons discussed *supra*, at Section III.A, Plaintiff need not plead a *prima facie* case for his race discrimination claims in order to survive a motion to dismiss.  *See Miller v. Keystone Blind Ass'n/TPM*, No. 11-887, 2011 WL 6338699, at *3 (W.D. Pa. Dec. 19, 2011) (noting that *McDonnell Douglas* framework is not applied to Title VII claim on a motion to dismiss); *Huggins v. Coatesville Area Sch. Dist.*, No. 07-4917, 2008 WL 4072801, at *5 (E.D. Pa. Aug. 27, 2008) (noting that at the motion to dismiss phase, a Title VII plaintiff need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss).

claim where African-American plaintiff alleged hiring of white employee, instead of him, for a position, that he was the only African-American employee of twenty-five employees who attended a meeting, and that there were write-ups against him by a manager who allegedly made a racist comment); *Alexander v. Keystone Mercy Health Plan*, No. 06-5599, 2007 WL 1651147, at *4 (E.D. Pa. June 4, 2007) (denying motion to dismiss Title VII race discrimination claim where African-American plaintiff alleged that she was systematically stripped of all meaningful responsibilities, whereas similarly situated white employees were not subjected to this stripping of responsibility).  While Plaintiff asserts that Defendant's conduct of failing to hire him "constitutes unlawful race discrimination against the Plaintiff, in violation of Title VII" (Compl. ¶ 29), this is a mere legal conclusion.  Again, we are not required to accept mere legal conclusions as factual allegations.  *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). Thus, Plaintiff has failed to state claims for race discrimination under Title VII and the PHRA. We will grant Defendant's Motion with respect to these claims.

###         C.      Leave to Amend Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), "if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  If a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Id.*  Here, Plaintiff has requested leave to amend the Complaint.  (Pl.'s Resp. 8-9.)  Defendant

8

argues that it would be futile to grant leave to amend.  (Def.'s Mem. 8.)  We disagree.  In his

Response, Plaintiff has made representations from which it appears that he may be able to amend

his Complaint to adequately plead claims of age and race discrimination.  Moreover, there is no

evidence of undue delay, bad faith or having a dilatory motive on Plaintiff's part.  Nor is undue

prejudice likely to result to Defendant from granting leave to amend.  Accordingly, we will give

Plaintiff the opportunity to amend the Complaint as set forth in the accompanying Order.[6]

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted in part and denied in

part.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**

---

[6] We caution that "formulaic recitation of a cause of action's elements" will not survive a motion to dismiss.  *Twombly*, 550 U.S. at 555.  While detailed factual allegations are not necessary, a plaintiff must allege sufficient facts to suggest that discovery may lead to evidence of the necessary elements of the claim.  *McTernan*, 577 F.3d at 526 (discussing the federal pleading standards in light of the Supreme Court's ruling in *Twombly*).